UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| ) | |
| THE RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Sarah Williamson, and for her claims and causes of action against Defendant, The Reliance Standard Life Insurance Company, states as follows:

### PARTIES

1. Sarah Williamson ("Williamson") is a resident and citizen of the State of Kansas.

2. Defendant Reliance Life and Accident Insurance Company ("Reliance") is an out-of-state insurance company authorized to do business in the State of Kansas. The Commissioner of the Kansas Department of Insurance is authorized to accept service of process on behalf of Reliance.

### JURISDICTION AND VENUE

3. Williamson brings her claim pursuant to the Employment Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq.*

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

6. Venue lies in this district under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

9. Trial is to be held in Kansas City, Kansas.

## STATEMENTS OF FACT

10. Family Service & Guidance Center of Topeka, Inc. ("FSGCT") employed Williamson as a Receptionist.

11. FSGCT sponsored a group welfare benefits plan ("Plan") for its participating employees, including short-term disability ("LTD") benefits and life insurance benefits.

12. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002(1).

13. The Plan offered benefits to qualifying FSGCT employee Plan participants, including Williamson.

14. At all relevant times, Williamson has been a participant and a covered person under the terms of the Plan.

15. FSGCT is the administrator of the Plan.

16. FSGCT delegated or attempted to delegate the function of issuing claim determinations under the Plan to Reliance.

17. FSGCT and Reliance entered into an administrative services contract through which FSGCT paid Reliance for acting as claims administrator.

18. Williamson enrolled in LTD benefits under the Plan and was eligible for those benefits.

19. Williamson's LTD policy ("the Policy") provides that employees would be entitled to receive LTD benefits if they became "Totally Disabled."

20. The LTD Policy defines "Totally Disabled" as follows:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness: (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation; (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
> (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

21. During her employment, Williamson began to suffer from a number of health issues, including significant back, hip and knee pain.

22. These issues progressed to the point that she became unable to perform the material duties of her occupation.

23. On May 23, 2024, Williamson applied to Reliance for LTD benefits.

24. On July 12, 2024, Reliance wrote Williamson to inform her that her LTD claim was denied.

25. On January 24, 2025, Williamson timely appealed Reliance's denial of her claim for LTD benefits and provided additional medical proof of her disability.

26. On June 9, 2025, Reliance upheld its denial of benefits.

27. Williamson has at all relevant times met the definition of "Total Disability" under the Plan and is entitled to benefits.

28. Williamson has exhausted her administrative remedies and Reliance refuses to take further action in connection with her claim.

## CAUSES OF ACTION

### COUNT I

### U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

29. Williamson realleges the preceding paragraphs as if fully set forth herein.

30. Williamson is entitled to all unpaid and accrued LTD benefits, as Reliance:

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to properly consider Williamson's medical impairments and resulting limitations; and

    c. Issued an unfavorable decision that was arbitrary and capricious.

31. Reliance has not satisfied its obligation to pay Williamson's LTD benefits.

32. Reliance denied LTD benefits when the applicable medical record supports upholding LTD benefits.

33. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Williamson prays for judgment against Reliance for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

### COUNT II

### U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

34. Williamson realleges the preceding paragraphs as if fully set forth herein.

35. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

    "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) she renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) she has any discretionary authority or discretionary responsibility in the administration of such plan."

36. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

    "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

37. Reliance, the Plan's designated claims administrator, is a fiduciary.

38. Reliance participated in and benefitted from the Plan as previously indicated.

39. Reliance's claims management practices are motivated by financial incentives in its administrative services agreement with FSGCT.

40. As the payor of benefits and the entity responsible for exercising discretion in claims administration, Reliance operates under an inherent conflict of interest.

41. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

42. Reliance breached its fiduciary duty in:

    a. Failing to properly administer the claim;

      b. Engaging in a structural conflict of interest by assuming the role of both claims administrator and payor of benefits;

43. Reliance denied Williamson's LTD benefits for the purpose of elevating its own financial interests. In doing so, it breached its fiduciary duties.

44. Reliance failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Williamson and the Plan's participants and beneficiaries generally.

45. Reliance's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

46. Reliance's violations of regulations alone allow Williamson the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(1)(2)(i).

47. Reliance's violations of federal regulation also subject its decision to de novo review.

48. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Williamson prays for an order that Reliance retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Reliance in its fiduciary capacity; for an equitable accounting of benefits that Reliance has withheld; for the disgorgement of profits enjoyed by Reliance in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Respectfully submitted,

BURNETTDRISKILL, Attorneys

By: /s/ Benjamin Narrell
Benjamin Narrell #76715
Derrick Pearce #42793
103 W 26th Ave., Ste. 290
North Kansas City, MO  64116
P: 816.781.4836
F: 816.792.3634
bnarrell@burnettdriskill.com
dpearce@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF

7